(65 Misc. Rep. 52.)

FRANK PRESBREY CO. v. I. MILLER, Inc.

(Supreme Court, Appellate Term. November 12, 1909.)

PRINCIPAL AND AGENT (§ 123*)—AGENCY AS TO THIRD PERSONS.

Where there was no other proof to show in whose behalf a person acted and from whom he obtained authority to direct a change in the location of an advertisement in a newspaper, except that his name was mentioned in the order for the advertisement, stating that that and future business was to be credited to him, and that defendant, subsequent to acceptance of the order, paid for the advertisement in another publication as provided in the order, it was wholly insufficient to show that he was clothed even with apparent authority to change the terms of the order, and plaintiff, in accepting the order as changed, acted at its peril.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 420; Dec. Dig. § 123.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Frank Presbrey Company against I. Miller, Incorporated. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Leon Laski, for appellant.

Frederick H. Denman, for respondent.

SEABURY, J. This action was brought to recover $39, alleged to be the balance due under a contract. The defense was nonperformance. The defendant sent plaintiff the following order:

"New York, November 25, 1908.

"Messrs. Frank Presbrey Co., No. 3 East 29th St., New York—Gentlemen: Enclosed I hand you copy for my first advertisement, this and future business to be credited to Thomas B. Richardson. Please insert this adv., not to exceed cost of $40, on front page or society news page of the Herald, Nov. 29th, Sunday; also same adv. to occupy ⅛ page in next week's issue of Vogue. If this advertising gives indication to warrant continuance, it is my intention to go further.

"Very truly yours.

"P. S. Please submit proofs."

The advertisement directed to be inserted in Vogue was inserted and paid for. The advertisement directed to be inserted in the Herald was inserted, but has not been paid for by the defendant. Payment was resisted upon the ground that the advertisement was not inserted on the "front page or society news page," as called for by the contract.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The plaintiff contends that an agent of the defendant authorized the change in the location of the advertisement. The defendant denies the agency. The evidence discloses that one Richardson obtained the order above set forth from the defendant and delivered it to the plaintiff, and, upon being told that the advertisement could not be inserted on the "society page" of the Herald, directed the change. There is no other competent proof in the record to show on whose behalf Richardson acted and from whom he obtained the authority to direct the change, except that Richardson's name was mentioned in the order, as appears above, and that defendant, subsequent to the giving and acceptance of the order, paid for the insertion of the advertisement in Vogue.

While the evidence is sufficient to show that Richardson was authorized to deliver a written order, signed by the defendant, to the plaintiff for the purpose of acceptance, it is wholly insufficient to show that Richardson was clothed even with apparent authority to change the terms of that order. The order was definite in its terms and signed by the defendant. Richardson changed the terms of the order over defendant's signature in the presence of the plaintiff, and the plaintiff accepted the order as changed without questioning Richardson's authority to make that change, and in so doing it acted at its peril. As the record is barren of evidence to show that the defendant authorized or ratified the change, the judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.